UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PAUL SMITH #178582,

        Petitioner,        Case No. 2:08-cv-146

v.        Honorable Robert Holmes Bell

MICHAEL CURELY,

        Respondent.
_____/

**OPINION**

Petitioner Paul Smith #178582 filed this petition for writ of habeas corpus challenging the validity of the sentences imposed for five "unlawfully driving away of an automobile" convictions he received in 1985. Petitioner was convicted pursuant to guilty pleas, and was sentenced to concurrent sentences of 3 to 5 years in prison. Petitioner is not challenging the validity of these convictions, but is merely complaining that these sentences were not discharged when he completed serving them. A review of the MDOC's Offender Tracking Information System (OTIS), shows that the above sentences continue to be "active." In addition, a review of OTIS reveals that after Petitioner was sentenced to the above in 1985, he received a 4 to 10 year sentence for "unlawfully driving away of an automobile" in 1990, two 2 year 10 month to 10 year sentences for "unlawfully driving away of an automobile" in 2002, a 2 year 4 month to 10 year sentence for "unlawfully driving away of an automobile" in 2003, a 6 to 10 year sentence for "unlawfully driving away of an automobile" in 2005, and a 2 to 4 year sentence for "police officer - assault / resist / obstruct" in 2005. *See* http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=178582.

Promptly after the filing of a petition for habeas corpus, the court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970) (district court has the duty to "screen out" petitions that lack merit on their face). After undertaking the review required by Rule 4, the Court will dismiss Petitioner's application for habeas corpus relief with prejudice.

As stated above, Petitioner is currently serving numerous concurrent sentences, the latest of which were imposed on December 8, 2005.  Petitioner's earliest release date is December 7, 2011, and his maximum discharge date is October 12, 2024.  *See* http://www.state.mi.us/mdoc/-asp/otis2profile.asp?mdocNumber=178582. Petitioner's habeas corpus application may be dismissed pursuant to the concurrent sentencing doctrine.

> Under the "concurrent sentencing doctrine," a "court may decline to hear a substantive challenge to a conviction when the sentence on the challenged conviction is being served concurrently with an equal or longer sentence on a valid conviction." *Dale v. Haeberlin,* 878 F.2d 930, 935 n. 3 (6th Cir.1989); *see also, United States v. Hughes,* 964 F.2d 536, 541 (6th Cir.1992). The doctrine is a discretionary one, *see Hughes,* 964 F.2d at 541, and courts "are admittedly hesitant to apply this doctrine." *Dale,* 878 F.2d at 935 n. 3; *see also, Winn v. Renico,* 175 Fed. Appx. 728, 732 (6th Cir.2006).. The doctrine is applicable only "when there is *no possibility* of adverse 'collateral consequences' if the convictions stand." *Winn,* 175 Fed. Appx. at 732 (emphasis added); *see also, Dale,* 878 F.2d at 935 n. 3; *Wilson v. Straub,* 185 F. Supp.2d 766, 769 (E.D. Mich.2002) (Hood, J.). The Court should presume that petitioner's conviction carries adverse collateral consequences, *see Wilson,* 185 F. Supp.2d at 769-70 (citing *Sibron v. New York,* 392 U.S. 40, 55 (1968)); *see also, Spencer v. Kemna,* 523 U.S. 1, 8-9, 118 S.Ct. 978, 140 L. Ed. 2d 43 (1998) (noting that the Court generally presumes that a criminal conviction carries

>adverse collateral consequences beyond the sentence imposed), and respondent bears a heavy "burden of showing that the risk of collateral consequences is too slight to justify review." *Suarez v. Bennett,* 207 Fed. Appx. 114, 115 (2d Cir.2006). The concurrent sentence doctrine is not jurisdictional-that is, the existence of concurrent sentences does not render a challenge to one sentence moot and therefore outside the Court's jurisdiction. *See United States v. Williams,* --- U.S. ----, ---- n. 1, 128 S.Ct. 1830, 1838 n. 1, 170 L. Ed. 2d 650 (2008); *Benton v. Maryland,* 395 U.S. 784, 791, 89 S.Ct. 2056, 23 L. Ed. 2d 707 (1969).

*See Lumsden v. Smith*, 2008 WL 3979494, 5 (E.D. Mich. Aug. 25, 2008).

As noted above, Petitioner is not challenging the underlying convictions, but is merely complaining that his sentences have not been officially discharged. However, this contention is irrelevant since Petitioner is serving longer concurrent sentences for subsequent offenses. Accordingly, the Court will dismiss this action with prejudice.

In addition, if Petitioner should choose to appeal this action, the Court will deny a certificate of appealability as to each issue raised by Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, if the court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v.*

*Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Consequently, the Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

The Court finds that reasonable jurists could not find that this Court's dismissal of each of Petitioner's claims pursuant to the concurrent sentence doctrine was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

Dated: October 22, 2008                     /s/ Robert Holmes Bell
                                                                                       ROBERT HOLMES BELL
                                                                                       UNITED STATES DISTRICT JUDGE